FILED
August 11, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: CSanchez
DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| **IN THE MATTER OF ELECTRONIC ACCESS TO FILINGS IN FEDERAL IMMIGRATION PROCEEDINGS UNDER FEDERAL RULE OF CIVIL PROCEDURE 5.2(c)** | **§ § § § §** |

**STANDING ORDER REGARDING ELECTRONIC ACCESS TO FILINGS IN FEDERAL IMMIGRATION PROCEEDINGS ASSIGNED TO JUDGE DAVID BRIONES**

On this day, the Court considered Federal Rule of Civil Procedure 5.2(c) with respect to federal immigration proceedings assigned to Senior United States District Judge David Briones and classified by the District Clerk's office under nature of suit codes "460 (Deportation)", "462 (Naturalization Application), "463 (Habeas Corpus – Alien Detainee)," and "465 (Other Habeas Actions)." Given the unprecedented rise in these cases in the Western District of Texas - El Paso Division, and in an exercise of its authority,[1] this Court finds good cause to permit electronic access to filings in these proceedings as outlined herein.

> 1. This Court orders that in an action or proceeding relating to an relief from removal, or to immigration benefits or detention,[2] access to an electronic file is limited to the extent provided by FED. R. CIV. P. 5.2(c) for ten days after the case filing. At that time, restrictions on remote access to the full electronic record shall be removed. Specifically, there will be no requirement that members of the public physically visit the courthouse to access unsealed, unredacted docket entries.[3]

---

[1] Rule 5.2(c) explicitly permits the Court to issue an order lifting the Rule's restrictions on access to docket entries in immigration cases. *See* FED. R. CIV. P. 5.2(c) ("*Unless the court orders otherwise* . . . access to an electronic file is authorized as follows . . . ." (emphasis added)).

[2] Specifically, proceedings classified by the District Clerk's office under nature of suit codes "460 (Deportation)", "462 (Naturalization Application), "463 (Habeas Corpus – Alien Detainee)," and "465 (Other Habeas Actions)."

[3] Rule 5.2(b)(5) exempts any "filing covered by Rule 5.2(c)" from Rule 5.2(a)'s redaction requirements. By virtue of this Standing Order, such filings are no longer "covered by Rule 5.2(c)"- and, thus, are once again subject to Rule 5.2(a), Rule 5.2(b)(5) notwithstanding.

2. Any party who objects to the removal of the restrictions provided by Rule 5.2(c) shall file objections with the court within 10 days of respondents' first appearance in the matter. Any response to the objection shall be filed within seven days. Restrictions will not be lifted until the court rules on any objections.

3. At all times, paper copies of documents restricted by Rule 5.2(c) will be provided when requested at the courthouse subject to the condition that they shall not be placed on the internet within the first ten days after the case filing if there are no objections or until the presiding judge lifts the restriction.

4. Judge Briones may depart from this standing order at any time in the interest of justice.

5. This order shall be served by the Clerk's Office on all parties when the case is filed and on each person who requests a paper record.

6. This order shall have no effect on filings properly filed under seal.

**SO ORDERED.**

**SIGNED** this **11th** day of **August 2026.**

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**